UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRANCE L. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:13-CV-1356 JD |
| v. | ) | |
| | ) | |
| MARIA GRISE, and STEVE RICHMOND, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Terrance L. Peterson, a *pro se* prisoner, is a pre-trial detainee at the Saint Joseph County Jail. He alleges that on October 12, 2013, while visiting with Stephanie Williams (the mother of his child), he was harassed by Deputy Maria Grise who accused Williams of exposing her breast during her visit with Peterson. Peterson also alleges that Captain Steve Richmond banned Williams from visiting the jail for six months and did not properly respond to Peterson's grievances.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Peterson wants to sue Deputy Grise because she pounded on the visitation room window and yelled at Williams. Also because he "was made uncomfortable by multiple deputies standing behind

me gawking . . ..” DE 1 at 3. However, “simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.” *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Moreover, though he may have been uncomfortable by the way that he was being watched, “Guards take control of where and how prisoners live; [prisoners] do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life.” *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). This is so because a “prisoner’s expectation of privacy always yield[s] to what must be considered the paramount interest in institutional security. [I]t is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.” *Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). Thus, Peterson has not stated a claim against Deputy Maria Grise.

Peterson wants to sue Captain Steve Richmond because he banned Williams from visiting the jail for six months. However, pre-trial detainees do not have a constitutional right to visitation. *Block v. Rutherford*, 468 U.S. 576, 586-587 (1984); *cf. Kentucky Dep’t of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Therefore this does not state a claim. Moreover, even if such a right existed, this complaint would still not state a claim because it was Williams, not Peterson who was banned. That is to say, Peterson was not punished by being denied the opportunity to have visitors. Rather, it was Williams who was punished by being denied the opportunity to visit the jail. The Seventh Circuit has left open the question of whether Williams could state a claim based on these events. *See Mayo v. Lane*, 867 F.2d 374, 377 (7th Cir. 1989). But even if she could bring such a claim, because Peterson was not being punished, he had no due process rights in relation to the decision to ban Williams from the jail for six months. *See Bell v. Wolfish*, 441 U.S. 520 (1979) (Pre-trial detainees cannot be punished without due process of law.)

Finally, Peterson wants to sue Captain Steve Richmond because he did not properly respond to Peterson's grievances. "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Neither does it dictate who or how the grievance must be answered. Thus, even if Captain Richmond's response was not in compliance with the grievance procedure at the jail, this does not state a claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May 23, 2014

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
